YALE F. GOLDBERG (AZ 005245)
DEREK W. KACZMAREK (AZ 028669)
FRAZER, RYAN, GOLDBERG & ARNOLD, L.L.P.
3101 North Central Avenue, Suite 1600
Phoenix, AZ 85012-2615
Telephone: (602) 277-2010
Email: ygoldberg@frgalaw.com
       dkaczmarek@frgalaw.com

JEFFRY A. BERNSTEIN (State Bar No. 79673)
CLIFFORD E. YIN (State Bar No. 173159)
FREDRICK C. CROMBIE (State Bar No. 244051)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-jab@cpdb.com
       ef-cey@cpdb.com
       ef-fcc@cpdb.com

Attorneys for Plaintiff
DREW M. BROWN., and Intervenor DMB
ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| DMB REALCO, LLC, by and through DMB ASSOCIATES, INC., its Tax Matters Partner,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. CV-16-01585-NVW<br><br>**DMB REALCO LLC'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT, IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT, AND IN SUPPLEMENT TO THE PARTIES' JOINT STIPULATION OF FACTS**<br><br>[Oral Argument Requested]<br><br>Judge: Hon. Neil V. Wake |

14554.004 3674246v1                                                                                                  CV-16-01585-NVW

DMB REALCO LLC'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT, IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT, AND IN SUPPLEMENT TO THE PARTIES' JOINT STIPULATION OF FACTS

Pursuant to Rule 56.1 of the Local Rules of Civil Procedure, DMB Realco LLC ("DMB") by and through DMB Associates, Inc., its Tax Matters Partner, hereby submit DMB's Separate Statement of Undisputed Material Facts and Supporting Evidence in Support of its Cross-Motion for Summary Judgment and Opposition to the United States Motion for Summary Judgment. Pursuant to paragraph 24 of the parties' Joint Stipulation of Facts for Purposes of Summary Judgment (the "Joint Stipulation") (ECF No. 41), this Separate Statement supplements but does not replace, repeat or contradict those facts already stipulated to by the parties. Capitalized terms are used as defined in DMB's Cross-Motion for Summary Judgment.

| **Plaintiff's Undisputed Material Facts and Supporting Evidence**: | **Defendant's Response and Supporting Evidence**: |
|---|---|
| 1.  Both DMB and Buckeye intended that the Conservation Easement would be a "perpetual" easement that constituted a "Conservation Easement, as that term is used in state and federal law."<br><br>Supporting Evidence:  Jt. Stip. Ex. 1 at Recitals C, D and §§ 1, 2.1, 13, 15.5. | |
| 2.  DMB hired expert legal and accounting professionals to document its conveyance of the Conservation Easement to Buckeye, and charged those with preparing the deed conveying the Conservation Easement to conform with the requirements of a Conservation Easement under both state and federal law, including Code Section 170(f)(8) and Regulation Section 1.170A-14, which required, among other things, that the easement grant a perpetual vested property right in the donee.<br><br>Supporting Evidence:  Jt. Stip. Ex. 18 [Decl. of G. Birnbraum ("Birnbaum Decl.") | |

| **Plaintiff's Undisputed Material Facts and Supporting Evidence**: | **Defendant's Response and Supporting Evidence**: |
|---|---|
| 3. When DMB and Buckeye recorded the "Original Deed, they mistakenly believed they had accurately documented their agreement.<br><br>Supporting Evidence: Jt. Stip. Ex. 1 at Recitals C, D and §§ 1, 2.1, 13, 15.5. | |
| 4. At the time they negotiated and executed the Original Deed, the DMB and Buckeye were mistaken as to inclusion of § 15.8 of the Original Deed (referencing Ariz. Rev. Stat. § 38-511) because the Original Deed was with a government entity.<br><br>Supporting Evidence: Decl. of Mary Alexander ("Alexander Decl.") Ex. 1. | |
| 5. In the FPAA, the IRS contended that the Conservation Easement DMB granted to Buckeye was not a qualified real property interest enforceable in perpetuity, and that DMB failed to provide a contemporaneous written acknowledgement stating that no goods or services were provided in consideration of the donation.<br><br>Supporting Evidence: Jt. Stip. Ex. 7. | |
| 6. During the course of the audit, DMB learned that Section 6 of the Original Deed contained a scrivener's error that was inconsistent with and contrary to DMB's and Buckeye's express intent that the Original Deed grant Buckeye a perpetual interest in a Conservation Easement, as defined by federal tax law. In particular, Section 6 of the Original Deed stated that, if the Conservation Easement was extinguished through a judicial proceeding | |

| Plaintiff's Undisputed Material Facts and Supporting Evidence: | Defendant's Response and Supporting Evidence: |
|---|---|
| due to "changed conditions," Buckeye would be entitled to receive any resulting proceeds in an amount equal to the "fair market value" of its interest in the Easement Area as of the date the deed was recorded (i.e., December 22, 2006).<br><br>Supporting Evidence: Jt. Stip. ¶¶10, 12, 14; Jt. Stip. Exs. 1 [Orig. Deed], 6 [Amend. Deed], 7 [FPAA]. | |
| 7.     To correct the error DMB, Buckeye and Verrado Assembly executed the Amended Deed.<br><br>Supporting Evidence: Jt. Stip. Ex. 6 [Amend. Deed]; Jt. Stip. Ex. 13 [Superior Ct. Judgment]. | |
| 8.     That Amended Deed corrected numerous scrivener's errors made by DMB's retained professionals so that it now accurately documents DMB's and Buckeye's original agreement that the Conservation Easement convey to Buckeye an immediately vested, irrevocable and perpetual property interest in December 2006.<br><br>Supporting Evidence: *Compare* Jt. Stip. Ex. 1 [Orig. Deed] (*e.g.* § 6); *with* Jt. Stip. Ex. 6 [Amend. Deed] (*e.g.* § 6). | |
| 9.     In the Superior Court Action, DMB presented evidence that showed that DMB hired expert legal and accounting professionals knowledgeable in this area of law and that its counsel (in his Declaration) understood that (i) DMB and Buckeye intended that the Conservation Easement be "perpetual," (ii) that DMB intended that its donation of the Conservation Easement | |

| Plaintiff's Undisputed Material Facts and Supporting Evidence: | Defendant's Response and Supporting Evidence: |
|---|---|
| qualify for the charitable deduction under Code Section 170 and that it satisfy the requirements of Treasury Regulation 1.170A-14, including its perpetuity requirement, (iii) that DMB actually intended to donate and Buckeye actually intended to accept an easement that was perpetual and that constituted a "Conservation Easement as that term is used in state and federal law," and (iv) that DMB's attorneys inaccurately drafted the Original Deed in such a way that it did not reflect DMB's transfer to Buckeye of the right, in the event of a judicial extinguishment, to receive the proportionate amount of the conservation easement's fair market value that it bears to the total value of the property as a whole at the time of the transfer, as was required under Regulation § 1.170A-14(g)(6) and as DMB and Buckeye intended at the time.<br><br>Supporting Evidence:  Jt. Stip. Ex. 11, at Ex. 6 thereto [Decl. of G. Birnbaum]; Jt. Stip. Ex. 1 [Orig. Deed] at Recitals C, D and §§ 1, 2.1, 6, 13, 15.5. | |
| 10.   In the Superior Court Action, Verrado Assembly consented to reformation even though the terms of the Amended Deed would ensure that it received a lesser share of the value of the property in the event it was condemned.<br><br>Supporting Evidence:  (Jt. Stip. Ex. 1 [Orig. Deed] at §6; Jt. Stip. Ex. 6 [Amend. Deed] at § 6; Jt. Stip. Ex. 8 at 1, 2.) | |
| 11.   The October 2000 biological report that DMB provided to Buckeye, while it pertained to the Verrado project as a whole, when combined with the Original Deed | |

14554.004 3674246v1                    4                    CV-16-01585-NVW

**DMB REALCO LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800  •  Fax 415.989.1663

| Plaintiff's Undisputed Material Facts and Supporting Evidence: | Defendant's Response and Supporting Evidence: |
|---|---|
| adequately established the condition of the easement area at the time of donation.<br><br>Supporting Evidence:  Jt. Stip. Ex. 1 [Org. Deed]; Jt. Stip. Ex. 4; Decl. of D. Nilsen ("Nilsen Decl.") ¶ 6. | |
| 12.    DMB and Buckeye understood that the lands assessed in the Environmental Assessment dated July 7, 2006, were contiguous to the Easement Area and were in a condition materially identical to the Easement Area.<br><br>Supporting Evidence:  Jt. Stip. Ex. 17; Nilsen Decl. ¶¶ 3-5. | |
| 13.    DMB attached to its tax year 2006 income tax return a Form 8283 that was signed by Buckeye's Director of Finance, described the donation as "conservation easement of 182.766 acres," and reported that no goods or services were provided in exchange for DMB's contribution of the Conservation Easement.<br><br>Supporting Evidence:  Alexander Decl. Ex. 2. | |
| 14.    Buckeye's Request for Council Action – signed by Buckeye's Manager and Director of Finance and requesting approval of Resolution 62-06 –documented the DMB's contribution and stated that the contribution was not a "budgeted item" and that it had no "financial implications," showing that no goods were provided in exchange.  It also described the "review | |

14554.004 3674246v1                               5                               CV-16-01585-NVW

**DMB REALCO LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

| Plaintiff's Undisputed Material Facts and Supporting Evidence: | Defendant's Response and Supporting Evidence: |
|---|---|
| process" as "reviewed by Town Attorney's office."<br><br>Supporting Evidence: Jt. Stip. Ex. 2. | |
| 15.  Buckeye's Resolution 62-06 – executed by the Town Clerk, the Mayor and the Town Attorney – approved *only* the Original Deed and accepted the Conservation Easement contribution, the execution of it by Buckeye officials, and those steps necessary to carry out its purpose and intent.  It did *not* authorize any Buckeye official to provide goods or services in consideration of that contribution.<br><br>Supporting Evidence: Jt. Stip. Ex. 3. | |

DATED: March 24, 2017

Respectfully submitted,

COBLENTZ PATCH DUFFY & BASS LLP


By:     /s/ Jeffry A. Bernstein
      Jeffry A. Bernstein
      Attorneys for Plaintiff  DREW M. BROWN.,
      and Intervenor DMB ASSOCIATES, INC.

14554.004 3674246v1     6     CV-16-01585-NVW

**DMB REALCO LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**